IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| _____ | ) |
| COMMONWEALTH OF MASSACHUSETTS,) | |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )         Civil Action No. |
| | ) |
| BAYER CROPSCIENCE INC. | ) |
| and PHARMACIA CORPORATION, | ) |
| | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

COMPLAINT

The Commonwealth of Massachusetts (the "Commonwealth"), by authority of the

Attorney General for the Commonwealth, acting at the request of the Massachusetts

Executive Office of Energy and Environmental Affairs, brings this complaint and alleges

as follows:

NATURE OF THE ACTION

1.      This is a civil action for recovery of damages for injury to, destruction of,

or loss of natural resources under Section 107(a) of the Comprehensive Environmental

Response, Compensation, and Liability Act of 1980, as amended ("CERCLA"), 42

U.S.C. § 9607(a), and the Massachusetts Oil and Hazardous Material Release Prevention

and Response Act, Mass. Gen. Laws ch. 21E, §§ 1-19 ("Chapter 21E"), seeking natural

resource damages.

2.      The Commonwealth seeks damages in order to compensate for and restore

natural resources injured by the release or threat of release of hazardous substances into

the environment at the Industriplex Superfund Site in Woburn, Massachusetts (the

"Site"), including the reasonable costs of assessing such injury, destruction, or loss,

resulting from the release of hazardous substances from the Defendants', or their

predecessors', manufacturing operations.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over the subject matter of this action, and the

Defendants, pursuant to Sections 107(a) and 113(b) of CERCLA, 42 U.S.C. §§ 9607(a)

and 9613(b).  This Court has pendent jurisdiction over the State law claims pursuant to 28

U.S.C. § 1367.

4.      Venue is proper in this District under Section 113(b) of CERCLA, 42

U.S.C. § 9613(b), and 28 U.S.C. § 1391(b), because the claims arose, and the threatened

and/or actual releases of hazardous substances occurred, within this judicial district.  The

Court has in personam jurisdiction over the defendants and/or the defendants have

waived any objection to in personam jurisdiction.

## PARTIES

5.      The Plaintiff is the Commonwealth of Massachusetts appearing by and

through the Attorney General of the Commonwealth of Massachusetts and the

Massachusetts Executive Office of Energy and Environmental Affairs.

6.      The Attorney General is the chief law officer of the Commonwealth, with

offices at One Ashburton Place, Boston, Massachusetts. She is authorized to bring this

action, and to seek the relief requested herein, pursuant to G.L. c. 12, §§ 3 and 11D.

7.      The Executive Office of Energy and Environmental Affairs ("EOEEA")

maintains its principal office at 100 Cambridge Street, Suite 900, Boston, Massachusetts.

The Secretary of EOEEA is the Massachusetts official designated to act on behalf of the

public as trustee for natural resources managed or protected by the Commonwealth and

its agencies.

8.      Defendant Pharmacia Corporation is incorporated under the laws of

Delaware and has its principal place of business in Peapack, New Jersey.

9.      Defendant Bayer CropScience Inc. is incorporated under the laws of New

York and has its principal place of business in Greensboro, North Carolina.

GENERAL ALLEGATIONS

10.      In 1853, Robert Eaton established the Woburn Chemical Works at what is

now known as the First Operable Unit of the Industri-plex Superfund Site ("Industri-plex

OU1"), located in Woburn, Massachusetts.  In 1863, Eaton and others formed the

Merrimac Chemical Company ("Merrimac").  From 1858-1890, Merrimac produced

sulfuric acid and other related chemicals.  Between 1899 and 1915, Merrimac became the

leading U.S. producer of arsenic insecticides.  In 1915, Merrimac organized a separate

company which operated at the Site, called the New England Manufacturing Company

("NEMC"), a munitions manufacturer.  NEMC produced organic chemicals including

phenol, benzene, picric acid, toluene and trinitrotoluene (TNT).  In November, 1929,

Monsanto Company ("Old Monsanto") purchased and merged with Merrimac, which

continued to operate at the Site as a division of Old Monsanto until 1931.

11.      As a result of the manufacturing operations described in Paragraph 10,

various hazardous substances were disposed of at the Site including, among others,

arsenic.

12.     In 2000, Old Monsanto changed its name to Pharmacia Corporation. Pharmacia Corporation is a successor-in-interest to Monsanto.

13.     New England Chemical Company purchased the property formerly occupied by Merrimac and Old Monsanto in 1934 and constructed an animal hide glue manufacturing plant, commencing operations in 1935.  Glue was made by extracting collagen from animal tissue or bones, including raw, salted or limed hides, hide fleshings or chrome tanned leather scraps.  Consolidated Chemical Company purchased New England Chemical Company in 1936.  Stauffer Chemical Company purchased Consolidated Chemical Company in the early 1960s.  Stauffer Chemical Company continued glue manufacturing operations until 1969, when it completed equipment removal and vacated the Site.

14.     As a result of the glue-making operations described in Paragraph 13, various hazardous substances were disposed of at the Site including, among others, chromium.  The animal hides disposed of as a result of the glue-making operation have created reducing conditions that have rendered various hazardous substances at the Site more mobile including, among others, arsenic.

15.     Stauffer Chemical Company, after a series of name changes, changed its name to Rhone-Poulenc Basic Chemicals Company in 1989.  In 1992, Rhone-Poulenc Basic Chemicals Company merged into Rhone-Poulenc, Inc.  Rhone-Poulenc, Inc., after a series of name changes, is now known as Bayer CropScience Inc.  Bayer Cropscience Inc. is a successor-in-interest to Stauffer Chemical Company.

16.     As a result of the manufacturing operations described above, the uplands at the manufacturing facilities, the Aberjona River and its associated wetlands, and the

Mystic Lakes have been contaminated with hazardous substances including, among others, arsenic and chromium.

RESPONSE ACTIONS AT THE SITE

17.     Pursuant to Section 105 of CERCLA, 42 U.S.C. § 9605, the United States Environmental Protection Agency ("EPA") placed the Site on the National Priorities List, set forth at 40 C.F.R. Part 300, Appendix B, by publication in the Federal Register on September 8, 1983, 48 Fed. Reg. 40658-40673.

18.     In 1986, EPA issued a Record of Decision for the First Operable Unit at the Site  ("OU1 ROD").  The OU1 ROD addressed the contamination at approximately 245 acres located in the vicinity of the manufacturing operations conducted by the Defendants or their predecessors.

19.     In 1989, the United States District Court for the District of Massachusetts approved a Consent Decree entered into by the Defendants in this action (or their predecessors) as well as a number of other parties ("1989 Decree").  The 1989 Decree required the settling defendants to implement the remedy set forth in the OU1 ROD and to reimburse the United States and the Commonwealth of Massachusetts for certain costs incurred in connection with the Site.

20.     On January 31, 2006, EPA issued a Record of Decision for Industri-plex OU2 ("OU2 ROD").   The OU2 ROD established a final groundwater remedy for the Site, and addressed downstream migration of contamination from Industri-plex OU1 and the contamination's impact on downstream areas.

21.     On November 24, 2008, the United States District Court for the District of Massachusetts approved a Consent Decree entered into by the Defendants in this action

5

that requires the Defendants to implement the OU2 Remedy and to reimburse EPA for

certain response costs.

FIRST CLAIM FOR RELIEF

22.     The Commonwealth realleges and incorporates by reference the

allegations of Paragraphs 1-21 as if they were restated in full.

23.     Defendants are each a person within the meaning of Section 101(21) of

CERCLA, 42 U.S.C. § 9601(21).

24.     The Site is a "facility" within the meaning of Section 101(9) of CERCLA,

42 U.S.C. § 9601(9).

25.     Defendants or their predecessors were owners and/or operators of

manufacturing facilities at the Site at the time of the disposal of hazardous substances at

the Site within the meaning of Section 107(a)(2) of CERCLA, 42 U.S.C. § 9607(a)(2).

26.     Arsenic and chromium are hazardous substances within the meaning of

Sections 101(14), 104, and 107 of CERCLA, 42 U.S.C. §§ 9601(14), 9604, and 9607.

27.     EOEEA is trustee for natural resources injured, destroyed or lost as a

result of releases of hazardous substances at the Site pursuant to Section 107(f)(2)(B) of

CERCLA, 42 U.S.C. § 9607(f)(2)(B).

28.      EOEEA has incurred and will continue to incur costs of assessing and

evaluating the injury, destruction or loss of natural resources at the Site.

29.     Pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), Defendants

are jointly and severally liable for damages for injury to, destruction of, or loss of natural

resources at the Site, including the reasonable costs of assessing such injury, destruction,

or loss, resulting from the releases of hazardous substances at the Site.

SECOND CLAIM FOR RELIEF

30.     The Commonwealth realleges and incorporates by reference the

allegations of Paragraphs 1-29 as if they were restated in full.

31.     Section 5 of the Massachusetts Oil and Hazardous Material Release

Prevention and Response Act (Chapter 21E) provides that:

> "the owner or operator of a vessel or a site from or at which there is or has
> been a release of oil or hazardous material...
>
> any person who at the time of storage or disposal of any hazardous
> material owned or operated any site at or upon which such hazardous
> material was stored or disposed of and from which there is or has been a
> release or threat of release of hazardous material…
>
> . . . shall be liable, without regard to fault, . . . to the [C]ommonwealth for
> all damages for injury to and for destruction or loss of natural resources,
> including the costs of assessing and evaluating such injury, destruction or
> loss, incurred or suffered as a result of such release or threat of release."

Mass. Gen. Laws ch. 21E, §§ 5(a)(1)and (2), 5(a)(ii).

32.     The Defendants are owners or operators of the Site within the meaning of

Sections 2 and 5 of Chapter 21E.

33.     The Site is a "site" within the meaning of c. 21E, §§ 2 and 5.

34.     Arsenic and chromium are "hazardous materials" within the meaning of

Chapter 21E, §§ 2 and 5.  There have been and continue to be "releases" and "threats of

releases" of hazardous materials at or from the Site within the meaning of Chapter 21E,

§§ 2 and 5.

35.     There has been injury to and destruction or loss of natural resources at the

Site within the meaning of Chapter 21E, § 5.

36.     EOEEA has incurred and will continue to incur costs of assessing and

evaluating the injury, destruction or loss of natural resources at the Site.

37.     Pursuant to Chapter 21E, § 5, the Defendants are jointly and severally liable to the Commonwealth for all damages for injury to and for destruction or loss of natural resources at the Site, including the costs of assessing and evaluating such injury, destruction or loss.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, the Commonwealth of Massachusetts, respectfully requests that the Court:

A.     Award the Commonwealth a judgment against the Defendants, jointly and severally, for all damages for injury to, destruction of, or loss of natural resources, including the reasonable costs of assessing such injury, destruction, or loss, at or from the Site;

B.     Award the Commonwealth a judgment against Defendants, jointly and severally, for all costs of this action, including attorney's fees; and

C.     Grant such other relief as this Court deems just and proper.

                                        Respectfully submitted,

                                        COMMONWEALTH OF MASSACHUSETTS

                                        By its attorneys,
                                        MARTHA COAKLEY
                                        ATTORNEY GENERAL

                                        /s/ Matthew Brock
                                        Matthew Brock, BBO No. 553226
                                        Assistant Attorney General
                                        Environmental Protection Division
                                        Office of the Attorney General
                                        One Ashburton Place, 18th Floor
                                        Boston, Massachusetts 02108
Dated: May 10, 2012                     Tel: (617) 727-2200
                                        matthew.brock@state.ma.us

8